UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHERYL J. ROBY,                                                                    No. 06-10668

                       Debtor(s).
_____/

Memorandum on Objection to Claim
_____

      When this Chapter 11 case was filed, the debtor thought that she owed $656,200.00 to creditor Finance America, LLC, and that the claim was secured by a first deed of trust to her real property at 9050 Willow Avenue in Cotati, California. She scheduled the debt as an undisputed secured debt.

      During the case and before confirmation of her plan, Roby learned that Finance America's deed of trust had never been recorded. She sold the property free and clear of it, with the lien attaching to the proceeds. She then filed an adversary proceeding to avoid the deed of trust as unperfected. Her plan, providing for the continuation of that action, was confirmed on June 26, 2007. She obtained a default judgment avoiding the lien on August 6, 2007.

      On August 9, 2007, Chase Home Finance, LLC, filed an adversary proceeding in this court alleging that it is the successor in interest to Finance America, LLC, and seeking a judgment declaring that it held the senior interest in the proceeds of the Willow Avenue property, which had been sold. However, Chase stipulated to dismissal of this action when it saw that the Finance America deed of trust had never been recorded.

      Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure does not require a scheduled creditor to file a proof of claim in a Chapter11 case in order to have an allowed claim unless the claim was scheduled

1

as disputed. Since the Finance America claim was still scheduled as secured and undisputed, Roby was obliged to object to it. That objection is now before the court

The objection is rather unusual. The court would have thought that the ground for the objection would have been that by virtue of the avoidance of the deed of trust Finance America had no valid secured claim and the claim should be allowed only as an unsecured claim. Indeed, Section 5.3 of the confirmed plan contemplates this result. However, the objection says something very different. It only alleges that the claim "has been assigned to some third party" and Finance America "is no longer a real party in interest."

The fundamental problem with this "objection" is that it is not based on valid grounds. Section 502(b) of the Bankruptcy Code mandates that the court allow a claim unless one of nine enumerated grounds for disallowance is found. Roby does not base her objection on any of them. Eight of the nine are clearly inapplicable. The only one remotely on point is § 502(b)(1), which provides that a claims shall be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ."

The statute refers to the *claim*, not the *claimant*. With a logic that is impossible to follow, Roby concedes that there is a valid claim owed to somebody and only objects on the grounds that Finance America no longer owns it. She then goes on to argue that Chase, which is the transferee of a duly filed transfer under FRBP 3001(e)(2), has no standing to assert the claim. Not satisfied with the windfall of an invalid deed of trust, Roby is trying to divest someone, apparently Chase, of a perfectly valid unsecured claim.

The court will overrule the objection because it fails to allege one of the nine grounds for disallowance specified in § 502(b).[1] The court notes that one of the arguments made by Roby is that the claim is late, which is a proper ground pursuant to § 502(b)(9), but there is no mention of that ground in the objection so the issue is not properly before the court. The court will decide that issue when it is properly before it, and

---

[1] If Roby had objected on the ground that the security interest had been avoided, the court would have allowed the claim as unsecured as part of its order sustaining the objection even if no response to the objection had been filed. The court is not obligated to enter an unjust order merely because it is being granted by default.

2

Case: 06-10668    Doc# 93    Filed: 03/17/08    Entered: 03/17/08 14:23:50    Page 2 of 3

now only notes that in Chapter 11 cases late claims can be allowed in the interests of justice, if indeed a claim needed to be filed at all. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993).

For the foregoing reasons, the objection will be overruled without prejudice to an objection stating one or more of the nine grounds for objection set forth in § 502(b). Until and unless an objection is sustained, the scheduled Finance America claim shall be paid to Chase Home Finance if no objection is pending and, if an objection is pending, shall be held in the trust account of Roby's counsel pending further order of the court. No further dividend shall be paid to any unsecured creditor until that due on the Finance America claim has been paid or deposited into said trust account in an amount equivalent to the dividend already paid to other unsecured creditors. All estate funds shall be placed in the trust account of Roby's counsel immediately except those funds already in a blocked account and not subject to withdrawal absent an order of the court.

An appropriate order will be entered.

Dated: March 17, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge