UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHERYL J. ROBY,  No. 06-10668

          Debtor(s).
_____/

Memorandum on Amended Objection to Claim
_____

When this Chapter 11 case was filed, the debtor thought that she owed $656,200.00 to creditor Finance America, LLC, and that the claim was secured by a first deed of trust to her real property at 9050 Willow Avenue in Cotati, California. She scheduled the debt as an undisputed secured debt.

During the case and before confirmation of her plan, Roby learned that Finance America's deed of trust had never been recorded. She sold the property free and clear of it, with the lien attaching to the proceeds. She then filed an adversary proceeding to avoid the deed of trust as unperfected. Her plan, providing for the continuation of that action, was confirmed on June 26, 2007. She obtained a default judgment avoiding the lien on August 6, 2007.

On August 9, 2007, Chase Home Finance, LLC, filed an adversary proceeding in this court alleging that it is the successor in interest to Finance America, LLC, and seeking a judgment declaring that it held the senior interest in the proceeds of the Willow Avenue property, which had been sold. However, Chase stipulated to dismissal of this action when it saw that the Finance America deed of trust had never been recorded. It then filed evidence of transfer to it of Finance America's claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, to which Finance America did not object after due notice by the court.

1

Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure does not require a scheduled creditor to file a proof of claim in a Chapter11 case in order to have an allowed claim unless the claim was scheduled as disputed. Since the Finance America claim was still scheduled as secured and undisputed, Roby was obliged to object to it. The debtor filed such an objection on October 4, 2007.

The objection was rather unusual. The court would have thought that the ground for the objection would have been that by virtue of the avoidance of the deed of trust Finance America had no valid secured claim and the claim should be allowed only as an unsecured claim. Indeed, Section 5.3 of the confirmed plan contemplates this result. However, the objection said something very different. It only alleged that the claim "has been assigned to some third party" and Finance America "is no longer a real party in interest."

The fundamental problem with this "objection" was that it is not based on valid grounds. Section 502(b) of the Bankruptcy Code mandates that the court allow a claim unless one of nine enumerated grounds for disallowance is found. Roby did not base her objection on any of them. The court accordingly overruled the objection, without prejudice to an amended objection relying on the grounds set forth in § 502(b). That amended objection is now before the court.

In her amended objection, Roby states three grounds. First, she argues that the claim is late and accordingly barred by § 502(b)(9). Second, she argues that the claim is not enforceable against the debtor and therefore barred by § 502(b)(1) because Chase is not the "real party in interest." Third, she argues that Chase's predecessor in interest violated the Truth in Lending Act by failing to notify Roby that the loan might not be fully tax-deductable.

The court finds that Chase's predecessor was not required to file a proof of claim by either the Federal Rules of Bankruptcy Procedure or the terms of Roby's confirmed plan. However, if a claim was necessary then there is abundant grounds for allowing it even though it was late, as permitted by Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure. Also, its complaint of August 9, 2007, can also be considered an informal proof of claim. There is no prejudice to allowance of the claim under either theory . The mere fact that the dividends of other creditors will be reduced to their proper size is not prejudice. Prejudice requires more than simply having to litigate the merits of, or to pay, a claim; there must be some

2

legal detriment to the party opposing.  *In re JSJF Corp.*, 344 B.R. 94, 102 (9th Cir.BAP 2006).  There is no legal detriment to anyone if the Chase claim is allowed, merely the avoidance of windfalls.

As the court has noted previously, the claim is not unenforceable merely because the wrong party may be asserting it.  Chase is correct in noting that Roby has no standing to contest the assignment of the claim to it.  However, if Roby has any good faith reservations as to Chase's standing to assert the claim her remedy is to interplead the funds and walk away, not object to the claim.

The court finds that Roby has not met her burden of presenting sufficient evidence to support a prima facie case for violation of the Truth in Lending Act.  Even if she had, her objection on these grounds is barred by the preclusive effect of her confirmed plan.

For the foregoing reasons, the amended objection will be overruled.  The court is tempted to grant Chase's request for reasonable attorneys' fees.  However, the Supreme Court in *Traveler's v. P,G&E*, 167 L.Ed.2d 178, 189 (2007), expressly declined to determine if any section of the Bankruptcy Code bars an unsecured claimant from recovering attorneys' fees in a claim objection.  It appears that § 502(b), limiting a claim amount to "lawful currency of the United States as of the date of the filing of the petition" does not permit such fees.

Counsel for Chase shall submit an appropriate form of order.

Dated: June 9, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge